# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No.: 18cv810-LAB (NLS)<br><br>**ORDER OF DISMISSAL** |

  Plaintiff Gavin Davis filed his complaint, apparently seeking the Court's assistance in renouncing his US citizenship and becoming the citizen of some other country. The Court ordered him to show cause why his complaint should not be dismissed for lack of jurisdiction because there was no meaningful relief the Court could provide. To do this, he was to have filed an amended complaint that corrected the defects the order identified. (*See* Docket no. 7.) He has now filed what is styled as a "FRCP 21(C) Special Writ of Political Asylum under 8 U.S.C. §§ 1481(A)(2) with Federal Authority Under FRCP 57 & 28 U.S.C. § 2201, for the Creation of Such Remedy. . . ."

  While this document makes some changes from the original complaint, Davis has not met his burden of establishing jurisdiction by showing, among other things, that the Court can grant meaningful relief. *See Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994) (jurisdiction is presumed to be lacking, and the burden of establishing that it exists falls on the party invoking it); *Rosemere Neighborhood Ass'n v. U.S. EPA*, 581 F.3d 1169, 1172–73 (9th Cir. 2009) (holding that, where federal courts lack the ability to grant effective relief, the claims are moot and the court has no jurisdiction to entertain them). If Davis wants to renounce his US citizenship and seek to be naturalized in some other country, he may seek to do so as provided under law. He does not need this Court's help or permission.

This action is therefore **DISMISSED** without prejudice, but without leave to amend, for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: June 6, 2018

*[signature]*
Hon. Larry Alan Burns
United States District Judge